| | |
|---|---|
| 1 | MICHAEL J. AGUIRRE, City Attorney |
| | ANDREW JONES, Deputy City Attorney |
| 2 | California State Bar No. 188375 |
| | Office of the City Attorney |
| 3 | 1200 Third Avenue, Suite 1100 |
| | San Diego, California 92101-4100 |
| 4 | Telephone: (619) 533-5800 |
| | Facsimile: (619) 533-5856 |

**FILED** Exempt from fees per Gov't code 6103
To the benefit of the City of San Diego

**2008 AUG 14 PM 4: 08**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

5

6 Attorneys for Defendants
City of San Diego, Police Chief William Lansdown; and Officer M. Czas

7

8 ## UNITED STATES DISTRICT COURT

9 ## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | OCIE HENDERSON, the Administrator of the ) | Case No. '08 CV 1491 JLS JMA |
| | Estate of RAMEL HENDERSON ) | |
| 11 | ) | **NOTICE OF REMOVAL OF CIVIL** |
| | Plaintiffs, ) | **ACTION** |
| 12 | ) | |
| | v. ) | [28 U.S.C. § 1446] |
| 13 | ) | |
| | CITY OF SAN DIEGO; POLICE CHIEF ) | (San Diego Superior Court Case No. |
| 14 | WILLIAM LANSDOWN; POLICE OFFICER ) | 37-2008-00086047-CU-PO-CTL) |
| | M. CZAS and DOES 1 through 50, inclusive, ) | |
| 15 | all individually and in their official capacities, as ) | |
| | agents or employees, of the CITY OF SAN ) | |
| 16 | DIEGO, ) | |
| | ) | |
| 17 | Defendants. ) | |
| | ) | |
| 18 | _____ ) | |

19    TO:    PLAINTIFF AND HER ATTORNEY OF RECORD:

20    PLEASE TAKE NOTICE that Defendants, City of San Diego, Police Chief William

21 Lansdown, and Police Officer M. Czas, in the above-entitled action, have removed the action to

22 the United States District Court for the Southern District of California.

23    ### STATEMENT OF GROUNDS FOR REMOVAL

24    Plaintiff alleges that police officers used excessive force on Ramel Henderson in

25 violation of his rights under state and federal law resulting in his death.

26    The First Cause of Action in the Complaint alleges, ". . . as a direct and proximate result

27 of the aforementioned unlawful and malicious physical abuse of DECEDENT by Defendant

28 CZAS and Defendants DOES 1 through 50, committed under color of law and under each

1

individual's authority as Police Officer with the CITY OF SAN DIEGO'S Police Department,
Ramel Henderson suffered grievous bodily harm and was deprived of his right to be secure in his
person, against unreasonable seizure of his person and the use of excessive force, in violation of
the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C.
§1983. . . ."

The Second Cause of Action alleges, ". . . [a]cting under color of law, by and through the
policy-makers and pursuant to official policy or custom and practice, the CITY OF SAN DIEGO
intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the Citizens
of San Diego and specifically DECEDENT, Ramel Henderson failed to instruct, supervise,
control, and/or discipline, on a continuing basis, their respective employees, in the performance
of their duties . . ."

The Third Cause of Action alleges, ". . .[t]he actions of Defendant CZAS and Defendants
DOES 1 through 50 in causing the death of Ramel Henderson were wrongful, in that said
Defendants used excessive force and/or deadly force against Mr. Henderson at a time when he
did not present any threat of death or great bodily injury to the police officers or the public,
Based on the above, the use of deadly force against him was unjustified and unreasonable under
the circumstances. As a proximate result of these acts, Defendant CZAS and Defendants DOES 1
through 50, caused Ramel Henderson to be fatally injured, and thereby resulting in the his death
while in custody..."

The Fourth Cause of Action alleges, ". . . The aforedescribed acts and omissions of
defendants were done maliciously, knowingly and willfully and in callous and reckless disregard
of DECEDENT's and Plaintiff's constitutional rights . . . '

This Court has original jurisdiction of the action pursuant to the provisions of 28 U.S.C.
section 1331, and the action may therefore be removed to this Court by Defendants City of San
Diego, Police Chief William Lansdown, and Police Officer M. Czas, pursuant to the provisions
of 28 U.S.C. sections 1441(b) and (c).

Copies of all process and pleadings served on Defendant City of San Diego in the above-
entitled action are attached hereto as Exhibit A. The Complaint was served on the City of San

2

1 | Diego on July 18, 2008, and as such, this Notice of Removal is filed with this Court within thirty

2 | days after Defendant City of San Diego was served with the Complaint filed in San Diego

3 | Superior Court.

4 | Dated: August __14__, 2008                    MICHAEL J. AGUIRRE, City Attorney

5 |

6 |                                                By _____

7 |                                                   Andrew Jones
                                                       Deputy City Attorney

8 |
                                                   Attorneys for Defendant
9 |                                                City of San Diego, Police Chief William
                                                   Lansdown; and Officer M. Czas
10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1          **UNITED STATES DISTRICT COURT**

2          **SOUTHERN DISTRICT OF CALIFORNIA**

3   OCIE HENDERSON, the Administrator of the          Case No.:
    Estate of RAMEL HENDERSON                          (SDSC Case No. 37-2008-86047-CU-PO-CTL)
4
                    Plaintiffs,
5                                                      **DECLARATION OF SERVICE**

6          v.

7   CITY OF SAN DIEGO; POLICE CHIEF
    WILLIAM LANSDOWN; POLICE OFFICER
8   M. CZAS and DOES 1 through 50, inclusive,
    all individually and in their official capacities,
9   as agents or employees, of the CITY OF SAN
    DIEGO,

10                  Defendants.

11

    I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and
12  not a party to this action; and that I served the individuals on the service list attached hereto the
    following documents: **CIVIL CASE COVER SHEET; NOTICE OF REMOVAL OF CIVIL**
13  **ACTION,** in the following manner:

14      1)___   By personally serving the individual named by personally delivering the copies to
                the offices of the addressee.
15
                Time of delivery: _____ a.m./p.m.
16

17      2)___   By leaving, during usual office hours, copies in the office of the person served
                with the person who apparently was in charge and thereafter mailing copies (first
18              class mail, postage prepaid) to the person served at the place where the copies
                were left.

19      3) XX   By placing a copy in a sealed envelope and placing it for collection and mailing
                with the United States Postal Service this same day, at my address shown above,
20              following ordinary business practices.

21
                    Ronnivashti Whitehead
22                  Willoughby & Associates
                    200 Corporate Pointe Ste 495
23                  Culver City, CA 90230
                    Tel: (310) 642-0600
24                  Fax: (310) 642-4710
                    *Attorney for Plaintiff*
25

26  Executed: August 14, 2008, at San Diego, California.

27

28                  CARMEN SANDOVAL

                                        1

EXHIBIT A

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

COPY

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SAN DIEGO; POLICE CHIEF WILLIAM LANSDOWN;
POLICE OFFICER M. CZAS, and DOES 1 through 50,
inclusive, all individually and in their official
capacities, as agents or employees, of the CITY OF
SAN DIEGO,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
OCIE HENDERSON, the Administrator of the Estate of
RAMEL HENDERSON

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

RECEIVED
CITY CLERK'S OFFICE

08 JUL 18 AM 11:49

SAN DIEGO, CALIF.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Hall of Justice <br> 330 West Broadway <br><br> San Diego, CA 92101 <br> Central | **CASE NUMBER:** <br> *(Número del Caso):* 37-2008-00086047-CU-PO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronnivashti Whitehead                                    310-642-0600      310-642-4710
Willoughby & Associates
200 Corporate Pointe Suite 495
Culver City, CA

DATE: **JUN 1 8 2008**          Clerk, by  **D. SMITH** , Deputy
*(Fecha)*                       *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):* City of San Diego

   under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| STREET ADDRESS:   330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101 | |
| BRANCH NAME:   Central | |
| TELEPHONE NUMBER:   (619) 450-7060 | |

PLAINTIFF(S) / PETITIONER(S):    Ocie Henderson Administrator of the Estate of Ramel Henderson

DEFENDANT(S) / RESPONDENT(S):   City of San Diego et.al.

OCIE HENDERSON ADMINISTRATOR OF THE ESTATE OF RAMEL HENDERSON VS. CITY OF SAN DIEGO

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00086047-CU-PO-CTL |
|---|---|

Judge: Yuri Hofmann                                          Department: C-60

COMPLAINT/PETITION FILED: 06/18/2008


### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CASE NUMBER: 37-2008-00086047-CU-PO-CTL    CASE TITLE: Ocie Henderson Administrator of the Estate of Ramel Her

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| | |
|---|---|
| PLAINTIFF(S): Ocie Henderson Administrator of the Estate of Ramel Henderson | |
| DEFENDANT(S): City of San Diego et.al. | |
| SHORT TITLE: OCIE HENDERSON ADMINISTRATOR OF THE ESTATE OF RAMEL HENDERSON VS. CITY OF SAN DIEGO | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00086047-CU-PO-CTL |
|---|---|

Judge: Yuri Hofmann                                          Department: C-60

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                 ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                         ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                 ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                         ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                 Name of Defendant

_____          _____
Signature                                         Signature

_____          _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____          _____
Signature                                         Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 06/18/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

3

1  WILLOUGHBY & ASSOCIATES
   W. ANTHONY WILLOUGHBY, ESQ. SBN# 137503
2  RONNIVASHTI WHITEHEAD, ESQ. SBN# 243321
   200 Corporate Pointe, Suite 495
3  Culver City, California 90230
   Tel: (310) 642-0600
4  Fax: (310) 642-4710

5  Attorneys for Plaintiff,
   ESTATE OF RAMEL HENDERSON
6

7          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8          COUNTY OF SAN DIEGO, CENTRAL JUDICIAL DISTRICT

9

10  OCIE HENDERSON, the Administrator of      )   Case No.: 37-2008-00086047-CU-PO-CTL
    the Estate of RAMEL HENDERSON.            )
11                                            )   COMPLAINT FOR:
                                              )
12                      Plaintiff,            )   1.   EXCESSIVE USE OF FORCE
                                              )        (42 U.S.C. §1983)
13  vs.                                       )
                                              )   2.   FAILURE TO INSTRUCT,
14                                            )        TRAIN, SUPERVISE, ETC (42
    CITY OF SAN DIEGO; POLICE CHIEF           )        U.S.C. §1983)
15  WILLIAM LANSDOWN; POLICE                  )
    OFFICER M. CZAS, and DOES 1 through       )   3.   WRONGFUL DEATH
16  50, inclusive, all individually and in their )
    official capacities, as agents or employees, of )   4.   SURVIVAL ACTION
17  the CITY OF SAN DIEGO,                    )
                                              )   5.   NEGLIGENCE
18                                            )
                        Defendants.           )   PLAINTIFF DEMANDS TRIAL BY
19  _____        )   JURY

20

21

22

23                             ᵘ

24  COMES NOW Plaintiff, OCIE HENDERSON, in his capacity as  Administrator of the Estate of

25  RAMEL HENDERSON, by and through its attorneys of records, Willoughby & Associates and for

26  its causes of action state as follows:

27

28

                                    1
                                COMPLAINT

## INTRODUCTORY STATEMENT

1.    This is a civil action seeking money damages against Defendant POLICE OFFICER M. CZAS (hereinafter referred to as "Defendant CZAS") and other unknown police officers of the San Diego Police Department, (DOES 1 through 50), who used excessive force, assaulted, battered, and killed RAMEL HENDERSON (hereinafter "DECEDENT" or "decedent RAMEL HENDERSON), against POLICE CHIEF WILLIAM LANSDOWN (hereinafter "LANSDOWN") as the supervisory officer responsible for the conduct of the defendants and for his failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or implement meaningful procedures to discourage lawless official conduct, and against, Defendant CITY OF SAN DIEGO (hereinafter referred to as "CITY") as the employer of the police personnel which is sued as a person under 42 U.S.C. § 1983. Said officers committed acts, under color of law, which deprived decedent, Ramel Henderson and his heirs, representatives and survivors, of rights secured under the Constitution and laws of the United States. Defendant CITY is liable for Plaintiff's damages because it failed to train, instruct, supervise, control, and discipline its respective employees, and each of them, on a continuing basis, and said failure was a result of official policy, or the custom, practice, and usage of said CITY and that the policymakers of said CITY were deliberately indifferent to the rights of the inhabitants of said CITY, and that said conduct caused the deprivation of Plaintiff's rights secured under the United States Constitution, the laws of the United States, and the laws of the State of California.

2.    This action is brought pursuant to 42 U.S.C. §1983, and §1988, and the Fourth, Thirteenth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. §1983.

///

///

3.  Plaintiff brings this actions for such heirs, representatives, survivors at law of decedent RAMEL HENDERSON to vindicate the violation of decedent's civil rights and to redress the deprivation of their own civil rights under U.S.C. §1983, and to assert their claim for wrongful death purusant to Code of Civil Procedure §377, and all claims of Ramel Henderson that survive his death, Probate Code §573.

4.  On November 20, 2007, Plaintiff OCIE HENDERSON, on behalf of the Estate of RAMEL HENDERSON filed a claim with the CITY OF SAN DIEGO (hereinafter the "CITY") in order to comply with the applicable claim filing requirements. The CITY rejected said claim on January 9, 2008.

## PARTIES

5.  OCIE HENDERSON in his capacity as administrator of the estate of RAMEL HENDERSON is a citizen and resident of Los Angeles County, City of Monrovia, State of California.

6.  Decedent, RAMEL HENDERSON was a resident of the city of San Diego, San Diego County, State of California, at the time of his death.

7.  For the purposes of this action, OCIE HENDERSON has been appointed the administrator of the estate of RAMEL HENDERSON. The sole heirs of RAMEL HENDERSON are his children, son DONTE HENDERSON, a minor and daughter JENNELLE HENDERSON.

8.  At all times mentioned until his death on May 30, 2007, Ramel Henderson was in good physical condition, and was the faithful and dutiful father to DONTE HENDERSON and JENNELLE HENDERSON.

///

///

3

COMPLAINT

9.  Defendant LANSDOWN was at all times relevant to the incidents which are the subject of this lawsuit, the Chief of the San Diego Police Department. As such, he is the responsible party for supervising the training, instruction, discipline, control and conduct of Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the San Diego Police Department including but not limited to those orders rules, instructions and regulations concerning the use of force. He is sued both individually and in his official capacity. Upon information and belief, Defendant LANSDOWN is a resident of San Diego County, State of California.

10. Defendant CITY OF SAN DIEGO is organized and existing under the laws of the State of California. In this cause the CITY OF SAN DIEGO ( hereinafter "CITY")acted through its agents, employees, and servants, who was or were the policymakers for the CITY'S Police Department, and through Defendants OFFICER M. CZAS and DOES 1 through 50.

11. At all times referred to herein, Defendants OFFICER M. CZAS and DOES 1 through 50 acted under color of the laws, statutes, ordinances, regulations, policies customs and usages of the State of California, the CITY OF SAN DIEGO, and the CITY OF SAN DIEGO' Police Department and pursuant to their authority as police officers of said Department and CITY.

12. Plaintiff sues Defendants OFFICER M. CZAS and DOES 1 through 50 each in their individual and official capacities.

13. DOES 1 through 50, are sued herein under fictitious names. Their true names are unknown to Plaintiff. When their true names are ascertained, Plaintiff will amend this complaint by inserting their true names herein.

///

14.   At all times relevant to the complaint OFFICER M. CZAS and DOES 1 through 50, were employees of Defendant CITY OF SAN DIEGO. OFFICER M. CZAS and DOES 1 through 50, in doing the acts hereindescribed and referred to, were acting in such capacity as an agent, servant and employee of the CITY OF SAN DIEGO and its Police Department, and were acting under the direction and control of the CITY OF SAN DIEGO and its Police Department, and were acting pursuant to either official policy, or the custom, practice, and usage of the CITY OF SAN DIEGO and its Police Department.

15.   Plaintiff are informed and believe, and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff' damages herein alleged were proximately caused by those Defendants.

## FACTS COMMON TO ALL COUNTS

16.   Plaintiff allege on information and belief, that on May 30, 2005 police officers with the CITY OF SAN DIEGO Police Department were called to the scene of a domestic dispute at DECEDENT's home in San Diego.

17.   DECEDENT was a 51 year old African American man at the time of the incident.

18.   The first Police Officers to arrive to the scene were Officer M. Czas and another unknown officer with the CITY's Police Department, (hereinafter referred to as DOE 1). While in DECEDENT'S home said Officers allegedly requested that DECEDENT, Ramel Henderson sit down and DECEDENT, Ramel Henderson allegedly refused and began to approached the officers.

///
///
///

19.    Upon information and belief when the DECEDENT allegedly failed to comply with the officers' orders to sit down CITY'S Police Officers violently attacked DECEDENT, and punched, slapped and hit DECEDENT causing physical injure to his body.

20.    Upon information and belief CITY'S Police Officers then grabbed DECEDENT Ramel Henderson and slammed him up against the wall.

21.    Upon information and belief CITY'S Police then forced DECEDENT onto the couch face down and handcuffed him.

22.    CITY'S Police Officers DOES 2 through 25 arrived and maximal restraints were placed on DECEDENT.

23.    While DECEDENT, Ramel Henderson was handcuffed CITY'S Police Officers  pulled DECEDENT off the couch and slammed him face down onto the floor in a prone position and shackled his waist and ankles behind his back, while severely beating him.

24.    CITY'S Police Officers connected the leg shackles to the handcuffs, thereby binding his hands and legs together, this four-point restraint or hogtie completely immobilized DECEDENT.

25.    DECEDENT'S air supply was cut off, and he became alarmed and stopped breathing and while he was shackled the DECEDENT lost consciousness.

26.    Upon information and belief after DECEDENT was kicked, punched, and severely beaten, the CITY'S Police Officers put their feet into his back and re-shackled and tightened the restraints around DECEDENT's ankles, waist and back.

27.   DECEDENT suffered multiple blunt force injuries at the hands of CITY'S Police Officers including a dislocated left shoulder; fractured ribs; contusions of the scalp, and erythema of the right cheek; lacerations and contusion of tip of tongue and upper mucosa; contusions and abrasions of upper extremities; contusions of lower extremities; contusions of back; and abrasion of abdomen.

28.   DECEDENT was killed on May 30, 2007, by CITY'S Police Officers.

29.   Defendant CZAS, and Defendants DOES 1 through 50 acted with evil motive and intent, and in callous, reckless, and wanton disregard for the rights of Ramel Henderson, justifying the award of punitive damages against Defendants in their individual capacity.

30.   On information and belief, the abuse to which the DECEDENT was subjected was consistent with an institutionalized practice of the San Diego Police Department, which was known to and ratified by all defendants and the defendants have at no time taken any effective action to prevent San Diego Police personnel from continuing to engage in such misconduct.

31.   On information and belief Defendants, LANSDOWN and CITY had prior notice of the vicious propensities of Defendant CZAS and Defendants DOES 1 through 50 but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority. The failure to properly train Defendant CZAS and Defendants DOES 1 through 50 included the failure to instruct them in applicable provisions of the California State Penal Law and with proper and prudent use of force.

///
///
///

32.    On information and belief Defendants, LANSDOWN and CITY authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by:

(a)    Failing to discipline, restrict, and control employees, including Defendant CZAS and Defendants DOES 1 through 50, known to be irresponsible in their dealings with citizens of the community;

(b)    Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specially Defendant CZAS and Defendants DOES 1 through 50;

(c)    Failing to forward to the office of the District Attorney of San Diego County evidence of criminal acts committed by police personnel;

(d)    Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public. This conduct also constitutes gross negligence under state law.

33.    As a proximate result of these acts, Defendant CZAS and Defendants DOES 1 through 50 caused DECEDENT to be beaten, sustain blunt force injuries, while in a prone position and while shackled, thereby causing his death.

///
///
///

8
COMPLAINT

34.   As a direct, legal and proximate result of said conduct of Defendants, and each of them, as previously alleged, Plaintiff sustained the following damages:

a)   General damages for the loss of love, companionship, comfort, affection, society, solace, and moral support;

b)   Loss of financial support in an amount not yet fully ascertained;

c)   Medical expenses for medical and hospital care and treatment of Ramel Henderson, deceased before his death;

d)   Funeral and burial expenses for Ramel Henderson, deceased, in an amount not yet fully ascertained; and

e)   Injuries to their body and mind.

35.   As a further proximate result of the acts of the Defendant CZAS and Defendants DOES 1 through 50, Plaintiff was compelled to secure the services of an attorney at law, and by virtue thereof, Defendants are liable for attorneys' fees pursuant to 42 U.S.C. §1988.

///
///
///

## FIRST CAUSE OF ACTION
## EXCESSIVE USE OF FORCE

### (Against All Defendants Cognizable Under 42 U.S.C. §1983)

For their cause of action against the aforestated Defendants in the First Cause of Action, Plaintiff state:

36.  By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.  As a direct and proximate result of the afore described unlawful and malicious physical abuse of DECEDENT by Defendant CZAS and Defendants DOES 1 through 50, committed under color of law and under each individual's authority as a Police Officer with the CITY OF SAN DIEGO'S Police Department, Ramel Henderson suffered grievous bodily harm and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

38.  The CITY is alleged to have knowingly, or with gross negligence, or with deliberate indifference to the constitutional rights of persons within the jurisdiction of San Diego County, maintained or permitted an official policy and/or custom of permitting citizens to be hogtied and beaten by employees of the SAN DIEGO Police Department and based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and *Heller v. Hunley*, 759 F.2d 1371 (9th Circ. 1985), is liable for all injuries sustained by Plaintiff as set forth herein.

39.  As a direct and proximate result of the malicious and outrageous conduct of Defendant CZAS and Defendants DOES 1 through 50 as aforedescribed, DECEDENT was caused to die after being beaten, thrashed and hogtied by said Defendants.

40.   The acts of Defendant CZAS and Defendants DOES 1 through 50 were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

41.   By reason of the aforementioned acts and omissions of Defendant CZAS and Defendants DOES 1 through 50, Plaintiff have been and will forever be deprived of the love, affection, society, companionship, support and pecuniary benefits of DECEDENT, and of their familial relationship with him, all to Plaintiff's damage in a sum to be proved at trial.

42.   By reason of the aforementioned acts and omissions of Defendant CZAS and Defendants DOES 1 through 50, Plaintiff were required to and did incur funeral, burial, and incidental expenses in an amount as proved.

43.   By reason of the aforedescribed acts and omissions of Defendant CZAS and Defendants DOES 1 through 50, DECEDENT suffered severe pain and was deprived of his life and the enjoyment and pleasure of living.

44.   The aforedescribed acts and omissions of defendants were done maliciously, knowingly and willfully and in callous and reckless disregard of DECEDENT's and plaintiff's constitutional rights, and by reason thereof, Plaintiff claim exemplary and punitive damages in an amount as proved.

45.   By reason of the aforedescribed acts and omissions of Defendant CZAS and Defendants DOES 1 through 50, Plaintiff were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiff that they might vindicate the loss and impairment of their and DECEDENT's rights, and by reason thereof, Plaintiff request payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1983.

46.    The conduct of Defendant CZAS and Defendants DOES 1 through 50, acting individually and together in concert, resulted in Plaintiff being maliciously and unlawfully subjected to the use of excessive force, and Plaintiff was thereby deprived of his rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

47.    If Plaintiff prevails, they are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION
## FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE

**(Against Defendants, LANSDOWN and  CITY OF SAN DIEGO,
Cognizable Under 42 U.S.C. §1983)**

For their cause of action against the aforestated Defendants in the Second Cause of Action, Plaintiff state:

48.    By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.    At all times relevant to this Complaint, Defendants DOES 1 through 50, as Police Officers of the CITY OF SAN DIEGO Police Department, were acting under the direction and control of the CITY OF SAN DIEGO which acted through its agents and employees who were responsible for making policy of the Police Department, its officers and operations, and were acting pursuant to either official policy or the practice, custom, and usage of the CITY and its Police Department.

///
///
///

50.    Acting under color of law, by and through its policy-makers and pursuant to official policy or custom and practice, the CITY OF SAN DIEGO intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the the Citizens of San Diego and specifically DECEDENT, Ramel Henderson failed to instruct, supervise, control, and/or discipline, on a continuing basis, their respective employees, in the performance of their duties to refrain from:

a.    unlawfully and maliciously using unreasonable and excessive force before, during, or after the making of an arrest and or detention, whether the detention and/or arrest was lawful or unlawful;

b.    fabricating criminal charges and ordinance violations against a citizen for the purpose of shielding themselves from criminal or civil liability for violating that citizen's civil rights;

c.    falsifying police reports and other statements, including court testimony;

e.    conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of California; and,

f.    otherwise depriving citizens of their constitutional or statutory rights, privileges, and immunities.

///
///
///

13
COMPLAINT

51.    Each of the above Defendants had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or constitutional acts were going to be committed. Moreover, these Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of their respective inhabitants failed or refused to do so.

52.    These Defendants, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of their respective employees

53.    By reason of the aforementioned acts and omissions of defendants, Plaintiff have been and will forever be deprived of the love, affections, society, companionship, support and pecuniary benefits of DECEDENT, and of their familial relationship with him, all to plaintiff's damage in a sum to be proved at trial.

54.    By reason of the aforementioned acts and omissions of defendants, Plaintiff were required to and did incur funeral, burial, and incidental expenses in an amount as proved.

55.    By reason of the aforedescribed acts and omissions of defendants, DECEDENT suffered severe pain and was deprived of his life and the enjoyment and pleasure of living.

56.    The aforedescribed acts and omissions of defendants were done maliciously, knowingly and willfully and in callous and reckless disregard of DECEDENT's and Plaintiff's constitutional rights, and by reason thereof, Plaintiff claim exemplary and punitive damages in an amount as proved.

57.  By reason of the aforedescribed acts and omissions of defendants, Plaintiff were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiff that they might vindicate the loss and impairment of their and DECEDENT's rights, and by reason thereof, Plaintiff request payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1983.

58.  The conduct of Defendant CZAS and Defendants DOES 1 through 50, acting individually and together in concert, resulted in Ramel Henderson being maliciously and unlawfully subjected to the use of deadly force, and DECEDENT and Plaintiff were thereby deprived of their rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

59.  If Plaintiff prevail, they are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### THIRD CAUSE OF ACTION
### WRONGFUL DEATH
(Against All Defendants)

For their cause of action against the aforestated Defendants in the Third Cause of Action, Plaintiff state:

60.  By this reference, Plaintiff incorporate each and every allegation and averment set forth in paragraphs 1 through 59 of this Complaint as though fully set forth herein.

///
///
///

61.   The actions of Defendant CZAS and Defendants DOES 1 through 50 in causing the death of Ramel Henderson were wrongful, in that said Defendants used excessive and/or deadly force against Mr. Henderson at a time when he did not present any threat of death or great bodily injury to the police officers or the public. Based on the above, the use of deadly force against him was unjustified and unreasonable under the circumstances.

62.   As a proximate result of these acts, Defendant CZAS and Defendants DOES 1 through 50, caused Ramel Henderson to be fatally injured, and thereby resulting in his death while in custody.

63.   By reason of the aforementioned acts and omissions of defendants, Plaintiff have been and will forever be deprived of the love, affections, society, companionship, support and pecuniary benefits of DECEDENT, and of their familial relationship with him, all to plaintiff's damage in a sum to be proved at trial.

64.   By reason of the aforementioned acts and omissions of defendants, Plaintiff were required to and did incur funeral, burial, incidental expenses in an amount as proved.

65.   By reason of the aforedescribed acts and omissions of defendants, DECEDENT suffered severe pain and was deprived of his life and the enjoyment and pleasure of living.

66.   The aforedescribed acts and omissions of defendants were done maliciously, knowingly and willfully and in callous and reckless disregard of DECEDENT's and Plaintiff's constitutional rights, and by reason thereof, Plaintiff claim exemplary and punitive damages in an amount as proved.

///

///

## FOURTH CAUSE OF ACTION
## SURVIVAL ACTION
### (Against All Defendants)

For their cause of action against the aforestated Defendants in the Fourth Cause of Action, Plaintiff state:

67. By this reference, Plaintiff incorporate each and every allegation and averment set forth in paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68. As a proximate result of these acts, Defendants DOES 1 through 50, caused Ramel Henderson to be fatally injured, thereby resulting in his death while in custody.

69. By reason of the aforementioned acts and omissions of defendants, Plaintiff were required to and did incur funeral, burial, and incidental expenses in an amount as proved.

70. By reason of the aforedescribed acts and omissions of defendants, DECEDENT suffered severe pain and was deprived of his life and the enjoyment and pleasure of living.

71. The aforedescribed acts and omissions of defendants were done maliciously, knowingly and willfully and in callous and reckless disregard of DECEDENT's and Plaintiff's constitutional rights, and by reason thereof, Plaintiff's claim exemplary and punitive damages in an amount as proved.

72. Defendant(s), and each of them, acted with evil motive and intent, and in callous, reckless, and wanton disregard for the rights of Plaintiff justifying the award of punitive damages.

///

///

# FIFTH CAUSE OF ACTION
## NEGLIGENCE
### (Against Defendants POLICE OFFICER M. CZAS and DOES 1 through 50)

For their cause of action against the aforestated Defendants in the Fifth Cause of Action, Plaintiff state:

73.     Plaintiff hereby incorporates by reference Paragraphs 1 through 72, as if set forth in full herein.

74.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, were under a duty to exercise reasonable care in restraining DECEDENT.

75.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, failed to perform said duties.

76.     Defendants, and each of them, negligently, carelessly and recklessly used excessive force to restrain DECEDENT resulting in his death.

77.     As a direct and proximate result of the conduct of Defendants, and each of them, DECEDENT was fatally injured. Plaintiff sustained the following damages:

   a)     General damages for the loss of love, companionship, comfort, affection, society, solace, and moral support;

   b)     Loss of financial support in an amount not yet fully ascertained;

   c)     Medical expenses for medical and hospital care and treatment of Ramel Henderson, deceased before his death;

   d)     Funeral and burial expenses for Ramel Henderson, deceased, in an amount not yet fully ascertained.

   e)     Injuries to their body and mind; and

78.     Solely and proximately as a result of the conduct of Defendants, and each of them, Plaintiff has incurred indebtedness, Plaintiff will prove the amount of such damages at the time of trial.

### NEGLIGENCE
**(Agaisnt Defendants LANSDOWN and CITY)**

For their cause of action against the aforestated Defendants in the Fifth Cause of Action, Plaintiff state:

79.     Plaintiff hereby incorporates by reference Paragraphs 1-78, as if set forth in full herein.

80.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, were under a duty to exercise reasonable care in restraining DECEDENT.  Furthermore, Defendants, and each of them, were under a duty to properly and adequately supervise train, and/or monitor Defendants CZAS and DOES 1 through 50 on the proper and prudent use of force.

///
///
///

81.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, failed to perform said duties. Moreover, the Defendants tolerated as institutionalized practices, and ratified the misconduct by:

    (a)     Failing to discipline, restrict, and control employees, including Defendant CZAS and Defendants DOES 1 through 50, known to be irresponsible in their dealings with citizens of the community;

    (b)     Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specially Defendant CZAS and Defendants DOES 1 through 50;

    (c)     Failing to forward to the office of the District Attorney of San Diego County evidence of criminal acts committed by police personnel;

    (d)     Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public. This conduct also constitutes gross negligence under state law.

82.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff was injured in her health, strength and activities, sustaining injury to her body, and shock and injury to her nervous system, all of which injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that said injuries will result in some permanent disability to her, in an amount which Plaintiff will prove at the time of trial hereof.

83.   Solely and proximately as a result of the conduct of Defendants, and each of them, Plaintiff has incurred indebtedness for physicians, in the treatment of the said injuries in an amount which Plaintiff is unable at this time to ascertain, and she will become obligated in the further treatment of the said injuries for an indefinite period of time in the future.  Plaintiff will prove the amount of such damages at the time of trial.

84.   As a result of the aforementioned injuries, Plaintiff suffered general damages in an amount within the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against defendants, and each of them as follows:

1.   General damages according to proof;

2.   Special damages according to proof;

3.   Punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

4.   Attorney's fees;

5.   Loss of earnings, past and future;

6.   For interest as allowed by law;

7.   Cost of suit incurred herein; and

8.   For such other and further relief as the Court may deem proper;

DATED: June 9, 2008

Respectfully submitted,

WILLOUGHBY & ASSOCIATES

By: _____

Ronnivashti Whitehead, Esq.
Attorneys for Plaintiff,
ESTATE OF RAMEL HENDERSON

21
COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiff hereby demand a trial by jury.

4

5    DATED: June 9, 2008                    Respectfully submitted,

6                                           WILLOUGHBY & ASSOCIATES

7

8                                           By:_____

9                                               Ronnivashti Whitehead, Esq.
                                               Attorneys for Plaintiff,
10                                              ESTATE OF RAMEL HENDERSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22
COMPLAINT

**JS 44** (Rev. 11/04) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| OCIE HENDERSON, ADMINISTRATOR, ESTATE OF RAMEL HENDERSON | CITY OF SAN DIEGO, POLICE CHIEF WILLIAM LANSDOWN; POLICE OFFICER M. CZAK |

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ronnivashti Whitehead
Willoughby & Associates
200 Corporate Pointe Ste 495
Culver City, CA 90230
Tel: (310) 642-0600

Attorneys (If Known)
Andrew Jones, Deputy City Attorney
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, CA 92101
(619) 533-5800

'08 CV 1491 SLS JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | or Defendant) | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | [ ] 900 Appeal of Fee Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | | 26 USC 7609 | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | | | to Justice |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | | | [ ] 950 Constitutionality of |
| | [x] 440 Other Civil Rights | | | | State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. section 1983
Brief description of cause:
Plaintiff alleges civil rights violations of decedent

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $1.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE August 14, 2008    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 137062    AMOUNT $350.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AB 08/14/08

American LegalNet, Inc. | www.USCourtForms.com

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 154062    — MB

# August 14, 2008
# 16:14:12

## Civ Fil Non-Pris
USAO #.: 08CV1491 CIVIL FILING
Judge.: JANIS L. SAMMARTINO
Amount:                    $350.00 CK
Check#.: BC42333

## Total—> $350.00

FROM: OCIE HENDERSON, ADMINISTRATOR,
       ESTATE OF RAMEL HENDERSON VS
       CITY OF SAN DIEGO, ET AL